**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ELISAVETA DOLGHIH, SB# 24043355
   Leiza.Dolghih@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
Telephone: 214.722.7108
Facsimile: 214.722.7111

BRIAN G. ARNOLD, *pro hac vice forthcoming*
   Brian.Arnold@lewisbrisbois.com
JONATHAN S. PINK, *pro hac vice forthcoming*
   Jonathan.Pink@lewisbrisbois.com
LAWRENCE R. LAPORTE, *pro hac vice forthcoming*
   Lawrence.LaPorte@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff
HYPER ICE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation,<br><br>        Plaintiff,<br><br>     vs.<br><br>PLAYMAKAR, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None Set |

4867-8775-4242.1

1.      Plaintiff Hyper Ice, Inc. ("Plaintiff" or "Hyperice") alleges as follows for this Complaint for Patent Infringement ("Complaint") against defendant PlayMakar, Inc. ("Defendant" or "PlayMakar"):

## THE PARTIES

2.      Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

3.      Hyperice is informed and believes, and based thereon alleges, that PlayMakar is a Delaware corporation with its principal place of business at 5825 Park Vista Circle, Fort Worth, Texas 76244.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against PlayMakar for PlayMakar's infringement of U.S. Patent No. 10,912,708 ("the '708 Patent").

5.      This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

6.      This Court has personal jurisdiction over PlayMakar, which conducts continuous and systematic business in Texas, including in this judicial district. Hyperice is informed and believes, and based thereon alleges, that PlayMakar maintains its principal place of business in Fort Worth, Texas. In addition, in this judicial district, PlayMakar manufactures, offers for sale, sells, and/or uses the infringing product at issue in this case and/or actively induces the manufacture and/or use of the infringing product and/or contributes to the manufacture and/or use of the infringing product.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because PlayMakar has committed acts of infringement in this judicial district and maintains its principal place of business in this judicial district.

**GENERAL ALLEGATIONS**

8. The '708 Patent is entitled "Battery-Powered Percussive Massage Device" and issued on February 9, 2021, claiming priority to Application No. 15/902,542 filed on Feb. 22, 2018. A true and correct copy of the '708 Patent is attached hereto as Exhibit 1.

9. Robert Marton and Anthony Katz are the inventors of the inventions disclosed in the '708 Patent. Hyperice is the owner of the '708 Patent.

10. This action arises out of PlayMakar's direct, induced, and/or contributory infringement of the '708 Patent.

11. Since at least 2018, Hyperice has developed, arranged for the manufacture of, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt 2 Pro:



12. PlayMakar manufactures, offers for sale, sells, and/or uses the infringing PlayMakar MVP Percussion Massager:



## COUNT 1 – PATENT INFRINGEMENT

13. Hyperice incorporates by reference the allegations in Paragraphs 1-12 above.

14. PlayMakar has infringed and continues to infringe the '708 Patent-in-suit under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. PlayMakar manufactures, offers for sale, sells, and/or uses the infringing PlayMakar MVP Percussion Massager product at issue in this case, and/or actively induces the manufacture, sale, and/or use of the infringing PlayMakar MVP Percussion Massager product and/or contributes to the manufacture, sale, and/or use of the infringing PlayMakar MVP Percussion Massager product.

15. PlayMakar infringes at least Claim 7 of the '708 Patent. PlayMakar's PlayMakar MVP Percussion Massager product is a battery-powered percussive massage device that meets the following limitations, either literally or under the

doctrine of equivalents:

    a. a main enclosure extending along an axis, the main enclosure having a proximal end and a distal end, the main enclosure including a cavity;

    b. a motor having a rotatable shaft;

    c. a reciprocation assembly coupled to the rotatable shaft, the reciprocation assembly including a piston, the reciprocation assembly configured to reciprocate the piston along a reciprocation axis in response to rotation of the rotatable shaft, the reciprocation assembly positioned within the cavity of the main enclosure;

    d. an applicator head having a proximal end removably attachable to the piston, and having a distal end that extends from the distal end of the main enclosure when the proximal end of the applicator is attached to the piston;

    e. a handle having an outer gripping surface;

    f. a battery unit housed at least partially within the handle;

    g. a printed circuit board positioned within the handle, the printed circuit board including a battery controller that receives electrical power via a connector and that selectively charges the at least one battery, the printed circuit board having a mounting surface with a peripheral edge;

    h. a charge indication display, the charge indication display comprising a plurality of light-emitting diodes (LEDs) positioned on the mounting surface of the printed circuit board near the peripheral edge of the mounting surface, the LEDs generating light responsive to a charge condition of the at least one battery unit, the light emitted outward from the LEDs toward the peripheral edge of the printed circuit board; and

    i. an annular light transmissive ring positioned around the handle in alignment with the LEDs to propagate light from the LEDs to the outside of the handle.

16. PlayMakar's infringement of the '708 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

17. As a result of PlayMakar's infringement of the '708 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and is now suffering, and will continue to suffer, the violation of its patent rights unless and until PlayMakar is permanently enjoined by this Court from infringing the '708 Patent under 35 U.S.C. §283.  Hyperice has no adequate remedy at law and is entitled to a permanent injunction against PlayMakar.

## **PRAYER FOR RELIEF**

WHEREFORE, Hyperice prays for the following relief:

1. That this Court enter judgment of infringement of the '708 patent in favor of Hyperice against PlayMakar;

2. That this Court enter temporary, preliminary, and permanent injunctions against PlayMakar from infringing the '708 patent;

3. That this Court award Hyperice compensatory damages for infringement of the '708 Patent, as well as interest thereon;

4. That this Court award Hyperice its costs of suit;

5. That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action; and

6. That this Court grant such further relief as the Court deems just and proper.

| | | |
|---|---|---|
| DATED: November 11, 2021 | | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | By: | /s/ *Elisaveta Dolghih* |
| | | Elisaveta Dolghih |
| | | Brian G. Arnold |
| | | Jonathan S. Pink |
| | | Lawrence R. LaPorte |
| | | Attorneys for Plaintiff |
| | | HYPER ICE, INC. |

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, HYPER ICE, INC. hereby demands a trial by jury of all issues triable by jury.

DATED: November 11, 2021     LEWIS BRISBOIS BISGAARD
                                                                                             & SMITH LLP

By: */s/ Elisaveta Dolghih*
     Elisaveta Dolghih
     Brian G. Arnold
     Jonathan S. Pink
     Lawrence R. LaPorte
     Attorneys for Plaintiff
     HYPER ICE, INC.